**XIUQUING JIANG, Petitioner,**

v.

**Michael B. MUKASEY,[1] Respondent.**

**No. 07–4335–ag.**

United States Court of Appeals, Second Circuit.

July 15, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Xiuquing Jiang, Alhambra, CA, Pro Se.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Kristin K. Edison, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Xiuquing Jiang, a native and citizen of the People's Republic of China, seeks review of a September 21, 2007 order of the BIA denying her motion, construed by the BIA to be both a motion to reopen her removal proceedings and a motion to reissue the BIA's previous decisions of July 29, 2003, September 30, 2005 and February 17, 2006. *In re Xiuquing Jiang,* No. A76 526 255 (B.I.A. Sept. 21, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted). "A motion to reissue is treated as a motion to reopen" on appeal and is thus also reviewed for abuse of discretion. *Chen v. U.S. Atty. Gen.,* 502 F.3d 73, 75 (2d Cir.2007) (per curiam) (citations omitted).

■ Although Jiang challenges the underlying IJ decision, we do not have jurisdiction to consider such challenges because Jiang has filed only a timely petition to review the denials of her motion to reopen and her motion to reissue the BIA decision. *See Kaur,* 413 F.3d at 233.

■ Because Jiang appears *pro se* before the Court, we construe her arguments broadly so as to raise the strongest arguments that they suggest. *See Weixel v. Bd. of Educ.,* 287 F.3d 138, 145–46 (2d Cir.2002). Even a generous reading of Jiang's brief, however, does not yield any challenge to the BIA's denial of her motion to reissue. Therefore, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (finding that issues not sufficiently argued in the briefs are considered

waived and normally will not be addressed on appeal).

As to the motion to reopen, the Immigration and Nationality Act ("INA") and its implementing regulations provide that an individual may file only one such motion and must do so within ninety days of the issuance of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Jiang's motion to reopen was number-barred and untimely.

[4, 5] While the time and numerical limitations may be tolled for a claim of ineffective assistance of counsel, the BIA properly denied Jiang's motion to reopen because she failed to establish any such claim. To prevail on an ineffective assistance of counsel claim, an individual must comply with the procedures laid out by the BIA in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).[2] *See Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005). Here, Jiang's failure to comply substantially with those requirements constituted a forfeiture of her ineffective assistance claim, and was a proper ground for the BIA's denial of her motion to reopen. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir.2005). In her brief to this Court, Jiang asserts that she is unable to comply with *Lozada* with respect to Attorney Wilson because he is deceased. Yet even if Wilson's death excused Jiang from certain of Lozada's requirements, it does not excuse her from submitting an affidavit setting forth her agreement with Wilson, and alleging how he violated that agreement. *See Lozada*, 19 I. & N. Dec. at 639.

■ Even assuming that Jiang had sufficiently complied with *Lozada*, her petition for review still fails because she did not demonstrate that "counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing." *Jian Yun Zheng*, 409 F.3d at 46 (internal quotation marks omitted). "To show fundamental unfairness, the applicant must allege sufficient facts to show that competent counsel would have acted otherwise and that [she] was prejudiced by [her] counsel's performance." *Changxu Jiang v. Mukasey*, 522 F.3d 266, 270 (2d Cir.2008) (per curiam). Jiang's motion to reopen failed to establish that Wilson's performance rendered her hearing fundamentally unfair, as she alleged no facts to establish that she was prejudiced by Wilson's actions. Rather, even construing her brief broadly, Jiang only identifies several issues she argues her counsel did not raise on the appeal of the IJ's decision and cites numerous alleged errors of the IJ as support. Because Jiang's motion did not demonstrate any likelihood that she would have prevailed had she filed a petition for review of the BIA's July 2003 decision before this Court, the BIA did not abuse its discretion in denying her motion to reopen. *See id.* at 270.

■ Further, while the time and numerical limitations do not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal on the basis of changed country conditions, Jiang's argument that the birth of her two children constitute such a changed circumstance unpersuasive. *See* 8 U.S.C.

---

**2.** Under *Matter of Lozada*, a motion based on a claim of ineffective assistance of counsel must be supported by: (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so. 19 I. & N. Dec. at 639.

§ 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). We have held that the birth of children in the United States "is essentially [evidence] of changed personal circumstances ... which does not fit under the exception" to the time and numerical limitations. *Jian Huan Guan v. BIA,* 345 F.3d 47, 48 (2d Cir.2003) (per curiam).

For the foregoing reasons, the petition for review is DENIED.

