PING WENG, Petitioner,

v.

Michael B. MUKASEY, Attorney General, United States Department of Justice, Respondent.

No. 07–5455–ag.

United States Court of Appeals,
Second Circuit.

Oct. 1, 2008.

Dehai Zhang, Flushing, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Linda S. Wendtland, Assistant Director, Gladys M. Steffens Guzmán, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Ping Weng, a native and citizen of the People's Republic of China, seeks review of a November 21, 2007 order of the BIA affirming the October 5, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Weng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ping Weng*, No. A97

817 064 (B.I.A. Nov. 21, 2007), *aff'g* No. A97 817 064 (Immig. Ct. N.Y. City Oct. 5, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, because Weng failed to sufficiently challenge the IJ's denial of his CAT claim before this Court, we find that any such argument has been waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

## I. Untimely Documentary Submissions

█ Weng argues that the IJ erred by failing to admit into evidence his late-filed documentary submissions. We review such decisions for abuse of discretion. *See Dedji v. Mukasey,* 525 F.3d 187, 191 (2d Cir.2008). An IJ abuses his discretion where "(1) his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* at 191–92 (citations omitted).

We find that the IJ did not abuse her discretion by refusing to admit into evidence Weng's untimely documentary submissions. Weng did not submit his evidence until September 26, 2005, three

weeks after the September 5, 2005 deadline set by the IJ pursuant to her authority under the applicable regulations.[1] *See* 8 C.F.R. § 1003.31(c) ("If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived."). In *Dedji,* we held that "where an alien has demonstrated good cause for the failure to timely file documents and a likelihood of substantial prejudice from enforcement of the deadline, an IJ may, in the exercise of his informed discretion, depart from the deadline imposed by the relevant local rules." *Dedji,* 525 F.3d at 192. Here, we cannot find that Weng demonstrated such "good cause" that the IJ abused her discretion in refusing to admit his evidence. Indeed, Weng testified that he waited until August to request documentary evidence from his relatives because he "was too busy." *Cf. id.* (finding that the IJ abused his discretion by failing to consider whether a departure from the local rule was warranted where a fire in Dedji's attorney's office prevented the timely submission of his documents).

Because Weng failed to show good cause, we need not decide whether substantial prejudice would result from the enforcement of the deadline. *See id.* Hence, the IJ did not abuse her discretion by refusing to depart from the deadline she set pursuant to 8 C.F.R. § 1003.31(c).

## II. Adverse Credibility Determination

We find that, contrary to Weng's argument, the IJ's analysis was sufficient to qualify as an "explicit adverse credibility determination." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008) (finding that the IJ's "atypically short oral decision"

---

1. The IJ set the September 5, 2005 deadline on April 15, 2005, giving Weng over four months to file his documentary evidence.

providing reasons for doubting the applicant's credibility was "sufficient to qualify as an 'explicit credibility finding.' "). The IJ found that Weng clearly came to the United States to work, basing that conclusion on Weng's lack of knowledge and interest in Falun Gong and his actions in the United States. The IJ also found "a fairly serious omission or exaggeration in [Weng's] claim." Although the BIA did not address whether the IJ made an explicit credibility determination, its decision does not "indicate that the IJ's decision was anything else." *Id.* at 237–38. We have never found that any "magic words" are necessary to render an adverse credibility determination. Here, the IJ's decision is sufficiently explicit to constitute an adverse credibility determination.

■ Proceeding to the merits of that determination, we conclude that it was supported by substantial evidence. The IJ found implausible Weng's claim that although he came to the United States to practice Falun Gong, he is "just practicing a little bit" because he spends most of his time working. Weng also testified that he does not practice Falun Gong often because he is waiting until his removal proceedings are over and his "life is more stable." Based on this testimony, we find no error in the IJ's conclusion that Weng's reason for coming to the United States was to work-as opposed to practice Falun Gong. *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007); *see also Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir.2007).[2]

The IJ also correctly noted that while Weng testified that his mother told him that Chinese authorities were still looking for him, his mother's letter made no such assertion. This omission is substantial when measured against the record as a whole because it undermines Weng's claim that the police are looking for him in China, and thus his assertion that he has a well-founded fear of persecution. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003).

Here, when considered as a whole, the IJ's adverse credibility determination was supported by substantial evidence. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006); *see also Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 107 (2d Cir.2006). Because the only evidence of a threat to Weng's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

2. The IJ also noted that Weng "knows very little about Falun Gong and clearly has very little interest in the practice of it." Contrary to Weng's argument, record evidence supports the IJ's finding. Indeed, Weng testified that he did not have formal Falun Gong training and did not practice Falun Gong in the park often because he would have to "get up early every morning" and he just "didn't do that." Weng also testified that he practiced by "read[ing] and think[ing]" but that, even though there are more than fifty moves, he only knew a few. Hence, the IJ properly inferred from this testimony that Weng had little interest and understanding about Falun Gong. *See Wensheng Yan,* 509 F.3d at 67.