*Macareno v. Sessions*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 25th day of September, two thousand eighteen.

Present:    ROBERT A. KATZMANN,
                       *Chief Judge*,
               RAYMOND J. LOHIER, JR.,
                       *Circuit Judge*,
               TIMOTHY C. STANCEU,
                       *Judge*.*

———————————————————————————————

WENCESLAO RAFAEL TAPIA MACARENO, aka
Wenceslao Tapia-M, aka Rafael Tapia, aka Wenceslao
Rafael Macareno,

                                    *Petitioner*,

                              v.                                              No. 17-1913

JEFFERSON B. SESSIONS III, United States Attorney
General,

                                    *Respondent.*

———————————————————————————————

For Petitioner:          PATRICK CROWLEY, Kuba Law Firm, New York, NY.

For Respondent:       CHAD A. READLER, Acting Assistant Attorney General; Jonathan A.
                              Robbins, Senior Litigation Counsel; Tracey N. McDonald, Trial

———————————————————

* Timothy C. Stanceu, Chief Judge of the United States Court of International Trade, sitting by designation.

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Wenceslao Rafael Tapia Macareno seeks review of a June 2, 2017 decision of the BIA affirming an August 12, 2016 decision by an immigration judge ("IJ") denying Tapia Macareno's application for cancellation of his removal pursuant to 8 U.S.C. § 1229b. We assume the parties' familiarity with the underlying facts and the procedural history in this case.

We first address the contention that the BIA erred by affirming the IJ's exclusion of certain evidence in light of a pre-hearing deadline that was not satisfied. An IJ, like a district judge, has broad discretion to set and enforce filing deadlines. *Dedji v. Mukasey*, 525 F.3d 187, 192 (2d Cir. 2008). We review the enforcement of such deadlines under an abuse of discretion standard. *Id.* at 191.

In advance of a June 15, 2015 hearing, the IJ ordered that any documentary evidence was to have been submitted by April 2, 2015. Tapia Macareno nevertheless failed to submit the materials in question until May 4, 2015. In the absence of good cause for that delay, which Tapia Macareno has not established, the IJ did not abuse its discretion by excluding that evidence as untimely. *See, e.g.*, *Lin v. Sessions*, 721 F. App'x 68, 71 (2d Cir. 2018); *Weng v. Mukasey*, 294 F. App'x 672, 673 (2d Cir. 2008). Indeed, the agency's rules expressly call for that result. *See* 8 C.F.R. § 1003.31(c) ("If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived.").

In addition, Tapia Macareno argues that the BIA erred in declining to remand this matter based upon ineffective assistance of counsel, which requires Tapia Macareno to "establish that 'counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing.'" *Jiang v. Mukasey*, 522 F.3d 266, 270 (2d Cir. 2008) (quoting *Zheng v. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005)). "To show fundamental unfairness, the applicant must allege sufficient facts to show that competent counsel would have acted otherwise and that the applicant was prejudiced by his counsel's performance," which we evaluate using our own "'judgment as to whether counsel was effective.'" *Id.* (quoting *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993)).

Tapia Macareno has not satisfied either prong of this test. First, we cannot say that a competent attorney would have acted any differently as compared to the attorney who represented Tapia Macareno below. Indeed, the record suggests that the fault with respect to Tapia Macarano's untimely submission may lie with him, rather than with his counsel, based upon the only explanation for the delay that has been offered.[1] Second, Tapia Macareno has not directed us to any excluded evidence that would have been relevant to the IJ's findings, nor has he offered any argument as to how or why the IJ's analysis would have differed if the contested evidence had been admitted. Without elaboration, his bare conclusory assertion that a different

---

[1] When the IJ inquired as to the reason for the delay, the following colloquy ensued:

> **Counsel**: Your Honor, we submitted the evidence once we, we got it from the respondent. Overall, just to competent [sic] the Court a little, I'm covering today's hearing. This, this case was assigned to Marlene at the office but she's on maternity leave. She actually gave birth about three days ago, so, you know, she kind of handled the filings and I'm assuming she filed this when she got it from respondent but –
> **IJ**: But you have no knowledge –
> **Counsel**: Yeah.
> **IJ**: - other than you believe the respondent got it to you as soon as possible?
> **Counsel**: Yes.

App. 219-20.

result would have obtained if the IJ had considered the excluded evidence does not sufficiently state an argument for this Court's consideration. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted)).

We have considered Tapia Macareno's remaining arguments and conclude that they are either not properly before us—because they were not raised in his brief before the BIA—or are otherwise without merit. For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK