09-1091-ag
Ahmad v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-fourth day of June, two thousand and ten.

PRESENT:

RALPH K. WINTER,
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HAMAD AHMAD,

     *Petitioner,*

   v.                            No. 09-1091-ag

ERIC H. HOLDER, JR., United States Attorney General

     *Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER:**             Lila Sljivar, Wilens & Baker, P.C., New York, NY.

**FOR RESPONDENT:**             Colette J. Winston, Attorney, Office of Immigration Litigation (Tony West, Assistant Attorney General, David Bernal, Assistant Director, Office of Immigration Litigation, *on the brief*), Civil Division, U.S. Department of Justice, Washington, DC.

Petition for review of an order of the Board of Immigration Appeals.

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Hamad Ahmad ("petitioner" or "Ahmad"), a native and citizen of Pakistan, seeks review of a February 18, 2009 decision of the Board of Immigration Appeals ("BIA") denying his motion to remand his removal proceedings. Petitioner argues that he was entitled to a remand because: (1) the Immigration Judge ("IJ") who denied his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1) never informed him that he might be eligible for relief as a battered spouse under 8 U.S.C. § 1229b(b)(2); and (2) his prior attorney was ineffective in failing to seek relief under the special rule for battered spouses. *See id.* We assume the parties' familiarity with the remaining factual and procedural history of the case.

Petitioner's first argument—that the IJ erred in not informing petitioner that he might be eligible for relief as a battered spouse—was never raised before the BIA. We therefore cannot consider it. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right . . . ."); *Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007) (explaining that, "though not jurisdictional, issue exhaustion is *mandatory*" and that "[i]f the government points out to the appeals court that an issue relied on before that court by a petitioner was not properly raised below, the court *must* decline to consider that issue" (emphases added)).

We also conclude that petitioner's second argument—that his prior counsel was ineffective—does not warrant a remand. We review motions to remand, like motions to reopen, for abuse of discretion. *Singh v. U.S. Dep't of Justice*, 461 F.3d 290, 293 (2d Cir. 2006); *see Debeatham v. Holder*, 602 F.3d 481, 484 (2d Cir. 2010). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) (internal quotation marks omitted).

2

Among other things,[1] an alien claiming ineffective assistance of counsel must "establish that 'counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing.'" *Jiang v. Mukasey*, 522 F.3d 266, 270 (2d Cir. 2008) (quoting *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005)). A deprivation of fundamental fairness requires a showing "1) that competent counsel would have acted otherwise, and 2) that [petitioner] was prejudiced by his counsel's performance." *Rabiu v. I.N.S.*, 41 F.3d 879, 882 (2d Cir. 1994) (internal quotation marks omitted). To show prejudice arising from the failure to pursue a particular form of relief, a petitioner "must make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application." *Id.*

To demonstrate eligibility for cancellation of removal under the special rule for battered spouses, petitioner was required to show (1) that he had been battered or "subjected to extreme cruelty" by a spouse, (2) that he had been physically present in the United States for a continuous period of at least 3 years, (3) that he had been a person of good moral character during that period, (4) that he was not inadmissable or deportable as a security risk or as a result of criminal convictions, and (5) that removal would result in extreme hardship to petitioner, or a child or parent of petitioner. *See* 8 U.S.C. § 1229b(b)(2)(A)(i)-(v).

Petitioner has not shown prejudice here because he has not made a prima facie showing that he was eligible for relief as a battered spouse, much less that he could have made a "strong showing in support of his application." *Rabiu*, 41 F.3d at 882. Although petitioner's motion to remand cited physical abuse he had allegedly suffered at the hand his ex-wife, we agree with the BIA that the motion, among other things, "fail[ed] to address, much less demonstrate, how [petitioner's] removal would result in 'extreme hardship' to [petitioner] or any qualifying relative." J.A. 3. Accordingly, petitioner failed to demonstrate prejudice resulting from his counsel's alleged ineffective assistance.

Petitioner responds that he had demonstrated extreme hardship to his daughter resulting from his removal during proceedings before the IJ, and that the "particular facts of this case required the BIA to look beyond the motion [to remand] to the record below." Reply Br. 4. Like this Court, however, the BIA is under no obligation to comb the record to create an argument for the petitioner that he has failed to make for himself. *Cf. Sioson v. Knights of Columbus*, 303 F.3d 458, 459-60 (2d Cir. 2002) (noting that it is not the Court's function to "form an [appellant's] argument for him, by looking into the record to document the 'facts' . . . and then examining various combinations of these facts in the light of the legal doctrines he . . . mentions"). Because

---

[1] An alien claiming ineffective assistance of counsel must comply with the procedural requirements set forth by the BIA in *In re Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988). *Debeatham*, 602 F.3d at 484-85. Because the government does not dispute that petitioner has complied with the requirements set forth in *Lozada*, we do not discuss those requirements here.

petitioner's motion to remand in the BIA failed to demonstrate that he was eligible for relief as a battered spouse and that he could have made a strong showing in support of his application, it was not an "abuse of discretion" for the BIA to deny petitioner's motion.

## CONCLUSION

We have considered all of the petitioner's arguments and find them to be without merit. For the foregoing reasons the petition for review is **DENIED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court