**Cleveland Eustace MUNRO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,\* Respondent.**

Nos. 07–0001–ag (L), 07–3022–ag (Con).

United States Court of Appeals, Second Circuit.

Sept. 24, 2008.

Millicent Y. Clarke, Clarke & Associates, Valley Stream, NY, for Petitioner.

Saul Greenstein (Jeffrey S. Bucholtz and Linda S. Wendtland, of counsel), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC, for Respondent.

Present: Hon. WALKER, Hon. ROBERT A. KATZMANN, Hon. JOHN R. GIBSON,\*\* Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales.

\*\* The Honorable John R. Gibson of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

## SUMMARY ORDER

Cleveland Eustace Munro, a citizen of Guyana, petitions for review of a June 28, 2007 BIA decision denying his motion to reopen an order of removal. *In re Cleveland Eustace Munro,* No. A42 677 535 (B.I.A. June 28, 2007). On May 24, 2005, immigration judge Brigitte Laforest found petitioner removable based on his three controlled substance convictions and denied his application for relief under § 212(c) of the Immigration and Nationality Act (INA). *In re Cleveland Eustace Munro,* No. A42 677 535 (Immig. Ct. N.Y. City May 24, 2005). After his direct appeal was denied, petitioner moved the BIA to reopen his case on the ground of ineffective assistance of counsel. We assume the parties' familiarity with the underlying facts, issues on appeal, and procedural history of the case.

Two separate provisions of the INA limit our jurisdiction in this case. Pursuant to 8 U.S.C. § 1252(a)(2)(C), we do not have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a controlled substance violation. In addition, 8 U.S.C. § 1252(a)(2)(B)(ii) deprives us of jurisdiction to review decisions and actions, such as the granting of § 212(c) relief, that are specified to be in the discretion of the Attorney General. As an exception to these jurisdiction-stripping provisions, we retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).

As we recently explained, a "claim of ineffective assistance of counsel is a constitutional claim." *Omar v. Mukasey,* 517 F.3d 647, 650 (2d Cir.2008) (per curiam). Therefore, we have jurisdiction to review it pursuant to 8 U.S.C. § 1252(a)(2)(D). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005).

We see no abuse of discretion in the BIA's determination that the motion fails based on, *inter alia,* petitioner's failure to show that any ineffective assistance of counsel prejudiced his case. *See Jiang v. Mukasey,* 522 F.3d 266, 270 (2d Cir. 2008) (per curiam) (To succeed on a motion to reopen based on ineffective assistance an applicant must show fundamental unfairness by "alleg[ing] sufficient facts to show that competent counsel would have acted otherwise and that the applicant was prejudiced by his counsel's performance.") Petitioner complains that his non-attorney representative was insufficiently informed about his criminal record. Petitioner does not explain, however, how greater familiarity with his criminal record could have helped his case. Similarly, petitioner argues that his representative provided ineffective assistance in neglecting to provide an affidavit from the mother of his second child describing his relationship with the child and whether he was meeting his support obligations. In moving to reopen, however, petitioner persisted in failing to submit any statement from the mother, and he has yet to offer any cancelled checks or other evidence showing that he has met his support obligations. Thus, there is nothing in the record to allow us to conclude that the negative inference raised by the failure to obtain a statement was inaccurate or prejudicial.

We have considered petitioner's other arguments and find them to be without merit. Accordingly, the petition for review is **DENIED**.