09-0404-ag
Hu v. Holder

BIA
Weisel, IJ
A099 602 080

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of May, two thousand ten.

PRESENT:
>        JON O. NEWMAN,
>        ROBERT A. KATZMANN,
>        DEBRA ANN LIVINGSTON,
>                *Circuit Judges.*

_____

ZHONG YI HU,
>        *Petitioner*,

>        v.                                   09-0404-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Edward E. Wiggers, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhong Yi Hu, a native and citizen of the People's Republic of China, seeks review of a January 5, 2009, order of the BIA, which denied his motion to remand and affirmed the June 26, 2007, decision of Immigration Judge ("IJ") Robert D. Weisel, pretermitting his application for asylum, and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Hui Yan Hu, Zhong Yi Hu*, Nos. A099 602 079/080 (B.I.A. Jan. 5, 2009), *aff'g in relevant part* No. A099 602 079/080 (Immig. Ct. N.Y. City June 26, 2007).[1] We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we note that Hu does not challenge the agency's pretermission of his wife's asylum application as untimely, and accordingly, he has waived that issue. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n.7

---

[1] Petitioner's wife, Hui Yan Hu, is not included as a petitioner in the instant proceeding.

(2d Cir. 2005). Thus, because Hu was a derivative applicant, his argument that he is eligible for asylum is unavailing. *See* 8 U.S.C. § 1158(b)(3).

With respect to Hu's applications for withholding of removal and CAT relief, the BIA determined that he was not *prima facie* eligible for either form of relief.[2] We review the BIA's denial of a motion to reopen for abuse of

---

[2] In adjudicating Hu's motion to remand based on ineffective assistance of counsel, which it appropriately construed as a motion to reopen, *see Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005), the BIA focused on whether the new documents submitted by Hu with his motion — and that, Hu claimed, his prior counsel failed to submit — established his eligibility for withholding of removal or CAT relief. The BIA found that the evidence Hu presented with his motion did not show a likelihood of persecution or torture. The BIA did not specifically indicate whether this finding established that counsel's failure to present such evidence in the first instance was not prejudicial, *see Changxu Jiang v. Mukasey*, 522 F.3d 266, 270 (2d Cir. 2008) (providing that a motion to reopen based on ineffective assistance of counsel must show, *inter alia*, that the movant was prejudiced by his counsel's performance), or that Hu was simply not eligible for relief, even in light of the new evidence, *see INS v. Abudu*, 485 U.S. 94, 104 (1988) (holding that the BIA may deny a motion to reopen based on its finding that the movant has not established his *prima facie* eligibility for relief). However, under either analysis, the BIA's ultimate conclusion was not erroneous. *See Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974) (stating that a reviewing court will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned."); *see also Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (same).

3

discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

The BIA did not abuse its discretion in determining that Hu failed to establish his eligibility for relief based on his fear of forced sterilization following the birth of his two U.S.-citizen children. Although Hu points to a letter from his wife's female relative stating that she was forcibly sterilized, the BIA did not err in finding that this evidence was not material because it did not detail the forced sterilizations of similarly situated individuals – namely, males who fathered children outside of China. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 160 n.20 (2d Cir. 2008). Similarly, the BIA did not err in finding that letters from local family planning committees did not establish Hu's eligibility for relief, because they did not demonstrate that his claimed fear of forced sterilization was objectively reasonable by merely referencing the family planning policy's mandatory sterilization requirement without any indication that such sterilizations are performed by force. *See id.* at 172. Finally, the record does not demonstrate that Hu would face the imposition of penalties amounting to economic persecution upon his return

4

to China. Specifically, he points to "[n]o testimony or other evidence . . . regarding [his] income in China, his net worth . . . , or any other facts that would make it possible for us to evaluate his personal financial circumstances in relation to the [anticipated] fines." *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002); *see also Jian Hui Shao*, 546 F.3d at 161-62.

Because Hu failed to establish his eligibility for withholding of removal, he also necessarily failed to establish his eligibility for CAT relief, insofar as both claims share the same factual predicate. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006). Thus, the BIA did not abuse its discretion in denying his motion to remand. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005)

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5