10-1805-ag
Jiang v. Holder

BIA
Videla, IJ
A077 322 357

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of March, two thousand eleven.

PRESENT:
        ROGER J. MINER,
        ROBERT A. KATZMANN,
        PETER W. HALL,
            *Circuit Judges*.

_____

SHU X. JIANG,
      *Petitioner*,

       v.                        10-1805-ag
                                   NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      Gary J. Yerman, New York, N.Y.

FOR RESPONDENT:      Tony West, Assistant Attorney General, Civil Division; Aviva L. Poczter, Senior Litigation Counsel; Christopher P. McGreal, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Shu Xing Jiang, a native and citizen of the People's Republic of China, seeks review of an April 9, 2010 order of the BIA affirming the June 9, 2008, decision of Immigration Judge ("IJ") Gabriel C. Videla, denying his applications for asylum and withholding of removal. *In re Shu Xing Jiang, No. A077 322 357 (B.I.A. Apr. 9, 2010), aff'g No. A077 322 357 (Immigr. Ct. N.Y. City June 9, 2008)*. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B)("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d

Cir. 2009)(upholding the IJ's factual findings if they are supported by "reasonable, substantial and probative evidence in the record" and reviewing "de novo questions of law and the [BIA's] application of law to undisputed fact"(internal citations omitted; alteration in original)).

Contrary to Jiang's assertions, the IJ did not fail to develop the record or violate Jiang's right to due process. Jiang bore the burden to establish his eligibility for asylum, and because egregious circumstances are not present here, he is bound by his decision to follow his counsel's tactical advice to rest on the previous record relating to economic persecution and to refuse to answer additional questions at his June 2008 merits hearing. *See Changzu Jiang v. Mukasey*, 522 F.3d 266, 271 (2d Cir. 2008)(*per curiam*) ("It is not unusual or egregious for counsel to make tactical decisions that ultimately fizzle and redound to the client's detriment." (internal quotation marks omitted)); 8 C.F.R. § 1208.13(a).

Given the evidence in the record and assuming Jiang's testimony to be credible, the agency reasonably determined that Jiang did not establish past economic persecution based on the loss of his teaching job and employer-provided

housing and his payment of a 200 RMB fine, because he did not present any evidence of his financial situation and testified that he was able to find other work. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (holding that the agency reasonably concluded that the petitioner failed to demonstrate economic persecution because he did not produce evidence of his "income in China, his net worth at the time of the fines, or any other facts that would make it possible . . . to evaluate his personal financial circumstances in relation to the fines" imposed by the government); *see also In re T-Z-*, 24 I. & N. Dec. 163, 171 (B.I.A. May 9, 2007) (recognizing economic persecution as "the deliberate imposition of severe economic disadvantage or the deprivation of liberty, food, housing, employment or other essentials of life" (emphasis and internal quotation marks omitted)). Other than asserting that this economic difficulty would persist if he returned to China, Jiang does not challenge the agency's determination that he failed to establish a well-founded fear of persecution. Because Jiang did not establish that he suffered past economic persecution, he is not entitled to a presumption of future persecution on that basis. *See* 8 C.F.R § 1208.13(b). Moreover, as Jiang is unable to

4

establish his eligibility for asylum, his application for withholding of removal, which is based on the same factual predicate, fails as well.  *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, then pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
