Chen v. Lynch

BIA
Weisel, IJ
A200 924 748

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand fifteen.

PRESENT:
> JON O. NEWMAN,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
>> *Circuit Judges.*

_____

QING CHEN,
> *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,*
> *Respondent.*

14-3414
NAC

_____

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr., as the Respondent in this case.

**FOR PETITIONER:**     Douglas B. Payne, New York, New York.

**FOR RESPONDENT:**     Benjamin C. Mizer, Acting Assistant Attorney General; Melissa Neiman-Kelting, Senior Litigation Counsel; Anna Nelson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qing Chen, a native and citizen of People's Republic of China, seeks review of an August 21, 2014, decision of the BIA affirming a March 6, 2013, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qing Chen,* No. A200 924 748 (B.I.A. Aug. 21, 2014), *aff'g* No. A200 924 748 (Immig. Ct. N.Y. City Mar. 6, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *Yan Chen v.*

2

*Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Asylum, Withholding of Removal, and CAT Relief

Substantial evidence supports the agency's determination that Chen failed to establish a well-founded fear of persecution on account of her religion. In order "to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Contrary to Chen's contention, this requirement is not limited to applicants who claim a well-founded fear based on activities conducted only in the United States, but rather extends to applicants, such as Chen, who intend to continue activities commenced in the United States upon removal to their home country. *See id.* at 142–43 (citing *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 565 (2d Cir. 2006)).

Chen does not otherwise challenge the agency's dispositive determination that she failed to demonstrate that Chinese authorities are likely to discover her religious practice. That finding was reasonable given that the 2011 U.S. Department of State's International Religious Freedom Report provides that between 50 and 70 million Christians practice in unregistered church gatherings in China.

Moreover, the agency reasonable found speculative Chen's claim that, if her religious practice were discovered, she would face persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Although Chen submitted evidence that individuals in certain provinces face religious persecution, she did not present any evidence that religious persecution occurs in her home province. *See id.; see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 149, 169 (2d Cir. 2008) (finding no error in the BIA's requirement that an applicant demonstrate that officials in her local area enforce a government policy in a manner that would give rise to a well-founded fear of persecution when the country conditions evidence demonstrates local variations in the enforcement of that policy).

4

Accordingly, because Chen failed to satisfy her burden of demonstrating that Chinese officials are aware of or likely to become aware of her religious practice or that officials would harm her on account of her religion, substantial evidence supports the agency's determination that she failed to establish a well-founded fear of persecution. *See Hongsheng Leng*, 528 F.3d at 143; *Jian Xing Huang*, 421 F.3d at 129. That finding was dispositive of asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Ineffective Assistance of Counsel

The BIA did not err in rejecting Chen's ineffective assistance of counsel claim because she failed to comply with the procedural requirements announced in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Under *Lozada*, an alien is required to file an affidavit detailing her agreement with former counsel and to submit proof that she notified former counsel and the proper disciplinary authority of her allegations. Failure to comply substantially with the *Lozada* requirements constitutes forfeiture of an ineffective assistance claim. *See Jian Yun*

5

*Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46-47 (2d Cir. 2005).

Chen did not submit any of the evidence required under *Lozada*, but rather argued that she was exempt from those requirements because her former counsel's ineffectiveness was clear on the face of the record. "[W]e have not required a slavish adherence to the [*Lozada*] requirements, holding only that substantial compliance is necessary." *Yi Long Yang v. Gonzales*, 478 F.3d 133, 143-44 (2d Cir. 2007) (citation omitted). We have found substantial compliance when the facts on which an ineffective assistance of counsel claim is based "are clear on the face of the record." *Id.* at 143. Here, it is not clear from the record that Chen's former counsel was ineffective such that adherence to the *Lozada* requirements was unnecessary.

Chen first asserts that her former counsel was clearly ineffective because direct examination spans only four pages of the hearing transcript. However, counsel's decision to halt direct examination might have been a tactical decision based on Chen's testimony. A tactical decision, "even if unwise in hindsight," does not constitute ineffective assistance of

6

counsel. *Changxu Jiang v. Mukasey*, 522 F.3d 266, 271 (2d Cir. 2008).

Chen contends that the IJ's finding of insufficient corroboration was the result of counsel's failure to proffer Chen's husband's testimony. However, the record reveals that Chen was unable to provide more reliable statements from uninterested third parties as she admitted that neither her pastor nor any church member agreed to testify or make statements on her behalf. Therefore, because it is not clear on the face of the record that former counsel was ineffective, the BIA did not err in finding Chen's ineffective assistance of counsel claim forfeited for failure to comply with *Lozada*. *See Jian Yun Zheng*, 409 F.3d at 46-47; *see also Yi Long Yang*, 478 F.3d at 143-44.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

7

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk