Loja-Cajamarca v. Lynch

BIA
A088 441 369

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand sixteen.

PRESENT:
>        JON O. NEWMAN,
>        DENNIS JACOBS,
>        PETER W. HALL,
>             *Circuit Judges.*

_____

LUIS AMABLE LOJA-CAJAMARCA,
>        *Petitioner,*

>        v.                                        15-2097
>                                                  NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            James A. Welcome, Waterbury, CT.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Daniel
                           E. Goldman, Senior Litigation
                           Counsel; Mona Maria Yousif,
                           Attorney, Office of Immigration
                           Litigation, United States
                           Department of Justice, Washington,
                           DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Luis Amable Loja-Cajamarca, a native and citizen of Ecuador, seeks review of a June 2, 2015, decision of the BIA denying his motion to reopen. *In re Luis Amable Loja-Cajamarca,* No. A088 441 369 (B.I.A. June 2, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation may be excused to accommodate a claim of ineffective assistance of counsel. *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008); *Jin Bo Zhao v. INS*, 452 F.3d 154, 159-60 (2d Cir. 2006). To warrant that equitable tolling, Loja-Cajamarca had to "demonstrate . . . that [he] has exercised due diligence

in pursuing [his claim]." *Iavorski v. INS*, 232 F.3d 124, 135 (2d Cir. 2000). And he had to demonstrate prejudice: that his "counsel's performance was so ineffective . . . [that it] impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." *Rabiu v. INS,* 41 F.3d 879, 882 (2d Cir. 1994). The BIA was within its discretion to find that Loja-Cajamarca'a untimely motion failed on both scores.

The due diligence inquiry has two steps: first, determine "whether and when the ineffective assistance '[was], or should have been, discovered by a reasonable person in the situation.' Then, petitioner bears the burden of proving that he has exercised due diligence in the period between discovering the ineffectiveness of his representation and filing the motion to reopen." *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (quoting *Iavorski*, 232 F.3d at 134). The petitioner must demonstrate "due diligence" in pursuing a claim "during the entire period he . . . seeks to toll." *Rashid*, 533 F.3d at 132.

The BIA reasonably found that Loja-Cajamarca knew or should have known about his counsel's purported error at his May 2011 hearing, when she withdrew his application for withholding of

3

removal on the record. After announcing his oral decision, the IJ confirmed that Loja-Cajamarca understood both English and the decision. Using that hearing date as a starting point, the BIA was within its discretion to find that waiting nearly five years to raise the ineffective assistance claim does not amount to due diligence. *Iavorski*, 232 F.3d at 134.

Loja-Cajamarca argues that the BIA should have started the diligence clock in February 2013, when it dismissed his appeal, rather than in May 2011, when he knew about the purported error. As the Government notes, this argument is unexhausted. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2007) ("Judicially-imposed doctrines of issue exhaustion . . . will usually mean that issues not raised to the BIA will not be examined by the reviewing court."); 8 U.S.C. § 1252(d)(1). Even if reached, it lacks merit: Loja-Cajamarca waited two years after the BIA's decision on appeal to move to reopen. *See Rashid*, 533 F.3d at 132.

Nor did Loja-Cajamarca demonstrate prejudice. He alleged that counsel was ineffective for withdrawing his application for withholding of removal and filing an inadequate appellate brief, but he did not identify any basis for withholding or what

4

counsel should have argued on appeal. *Cf. Changxu Jiang v. Mukasey*, 522 F.3d 266, 270 (2d Cir. 2008) (finding no ineffective assistance where counsel made the "strategic decision" to withdraw the alien's application for withholding of removal and seek only voluntary departure). For the same reason, Loja-Cajamarca's due process arguments, to the extent he exhausted them, fail. *Rabiu,* 41 F.3d at 882. His ineffective assistance claim appears to be a pretext for reopening so that he can apply for cancellation based on the birth of his child in 2014. His counsel could not have sought cancellation on that basis in 2011, and that form of relief does not provide any exception to the time limitation on reopening.

Loja-Cajamarca criticizes the BIA decision as lacking adequate explanation. But the BIA applied this Court's law to the facts of Loja-Cajamarca's case. Nothing more was required. *Cf. Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) ("An abuse of discretion may be found . . . where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an

arbitrary or capricious manner." (internal citations omitted)).

Loja-Cajamarca dedicates the bulk of his brief to describing his compliance with the procedures laid out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). But the BIA's decision did not rest on failure to comply with those procedures, which are not enough: he still needed to show due diligence and prejudice.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk