Singh v. Whitaker

BIA
Loprest, IJ
A205 409 335

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of November, two thousand eighteen.

PRESENT:
GERARD E. LYNCH,
DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

LAKHBIR SINGH,
*Petitioner,*

v.                                                  17-830
                                                    NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Usman B. Ahmad, Long Island City, NY.

FOR RESPONDENT:          Chad A. Readler, Principal Deputy Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Allison Frayer, Trial Attorney, Office of Immigration Litigation, United States

Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lakhbir Singh, a native and citizen of India, seeks review of a February 28, 2017, decision of the BIA affirming a May 12, 2016, decision of an Immigration Judge ("IJ") denying Singh's motion to reopen his removal proceedings. *In re Lakhbir Singh,* No. A 205 409 335 (B.I.A. Feb. 28, 2017), *aff'g* No. A 205 409 335 (Immig. Ct. N.Y. City May 12, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the BIA's denial of Singh's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). To state an ineffective assistance of counsel claim, the movant must establish, *inter alia*, (1) deficient representation; and (2) prejudice as a result

2

of that deficiency.  *Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008).

The only issue is whether Singh showed the requisite prejudice.  A movant seeking to reopen proceedings based on ineffective assistance must show that "counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing" and that the movant suffered prejudice from it.  *Changxu Jiang v. Mukasey*, 522 F.3d 266, 270 (2d Cir. 2008) (per curiam)(quoting *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005)); *see also Debeatham v. Holder*, 602 F.3d 481, 485 (2d Cir. 2010) (per curiam).  To establish the requisite prejudice, the movant must show that the outcome of the proceeding would have been different had counsel acted more effectively. *Debeatham*, 602 F.3d at 486.

The agency reasonably determined that the adverse credibility determination could not be solely attributed to lack of preparation by Singh's previous counsel.  Mainly, Singh failed to resolve a central discrepancy regarding his reasons for joining the Congress Party — whether he joined voluntarily or was coerced — that gave rise to (a) internal

3

inconsistencies in his testimony, (b) inconsistencies between his testimony and credible fear interview, and (c) significant inconsistency among his testimony, application, and documentary evidence. Singh testified that the Congress Party did good work and that he joined because his grandfather and father were members. And he stated in his credible fear interview that he had always supported the Congress Party. But when asked on redirect to explain other statements (in his application and corroborating documents) that he joined to stem harassment from Congress Party members, he did not renounce the written statements; instead, he altered his testimony to say that members of the Congress Party used to harass him, that the harassment stopped when he joined the party, and that he "started liking the party out of fear."

Singh argues that his prior counsel failed to consult him when drafting the written statement that accompanied his asylum application and to review with him the finalized written statement and his medical records and family's affidavits, which caused him to be surprised by their contents during the hearing. He also contends that the agency failed to recognize that his testimony at the

4

credible fear interview was substantially similar to his testimony at the merits hearing and that any inconsistencies arose only when he was confronted with the documents his attorney had prepared. As the agency reasonably found, however, Singh never explained why, when confronted with his statements and record evidence, he adopted their contents rather than explain the discrepancies. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157 (2d Cir. 2008) (according substantial deference to the agency's findings of fact and "assessment of competing evidence"). Although Singh submitted a personal affidavit explaining that his prior attorney instructed his family members to sign letters prepared in English and that they did not know what they were signing, he did not identify what the inaccuracies were. Finally, Singh did not submit an updated application statement or letters from his family members to clarify what portions of the statements were incorrect. *See* 8 C.F.R. § 1003.2(c)(1) (requiring motions to reopen to be supported by evidentiary material). Because Singh did not fully explain why his inconsistent testimony was the fault of his prior attorney or document

what information was correct, the agency did not abuse its discretion in denying reopening, particularly as the underlying adverse credibility determination also relied on Singh's demeanor and lack of responsiveness.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court