20-284
Jiang v. Garland

BIA
A087 643 159

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand twenty-two.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

XIA JIN JIANG,
> *Petitioner,*

v.                                        20-284
                                          NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Margaret W. Wong, Margaret Wong & Associates LLC, Cleveland, OH.

FOR RESPONDENT:        Jeffrey Bossert Clark, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director,

Monica M. Twombly, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xia Jin Jiang, a native and citizen of the People's Republic of China, seeks review of a December 27, 2019 decision of the BIA denying her motion to reopen her removal proceedings. *See In re Xia Jin Jiang*, No. A087 643 159 (B.I.A. Dec. 27, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Our review is limited to the BIA's denial of the motion to reopen removal proceedings, *see Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005), which we review for abuse of discretion, *see Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We find no abuse of discretion here.

It is undisputed that Jiang's motion filed in 2018 was untimely because she filed it six years after her final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (90-day deadline for motion to reopen); 8 C.F.R. § 1003.2(c)(2)

2

(same).  She argues that the BIA should have excused the deadline because her former counsel was ineffective and because conditions in China for Falun Gong practitioners, Christians, and Jehovah's Witnesses had worsened since the time of her hearing before an immigration judge.  While ineffective assistance and changed conditions implicate exceptions to the filing deadlines, the BIA did not err in rejecting these arguments, which we address in turn.

An applicant who demonstrates ineffective assistance of counsel may be entitled to equitable tolling of the deadline for a motion to reopen, *see Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008), but to establish ineffective assistance, the applicant must show that her "counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause," *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994).  An applicant cannot state an ineffective assistance claim where counsel made reasonable, tactical decisions.  *See Changxu Jiang v. Mukasey*, 522 F.3d 266, 270 (2d Cir. 2008).

Here, the agency did not err in finding that Jiang's

former counsel was not ineffective in failing to request cancellation of removal and voluntary departure because the record reflects that Jiang would not have been eligible for those forms of relief. Cancellation requires an applicant to show that her removal would cause a qualifying relative "exceptional and extremely unusual hardship," 8 U.S.C. § 1229b(b)(1)(D), but at the time of Jiang's original proceedings, her only qualifying relative was her U.S. citizen son who had spent most of his life in China. For voluntary departure, she would have had to show that she had the means to depart the United States and present her passport or other travel document, *see* 8 U.S.C. § 1229c(b); 8 C.F.R. § 240.25(b), but Jiang did not have a passport at the time of the hearing.

Nor has Jiang shown that the agency erred in concluding that she failed to meet the changed country conditions exception to the deadline for reopening. There is no deadline for a motion to reopen "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been

4

discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). But Jiang was found not credible as to her Falun Gong claim, and in any event, a comparison of the country conditions evidence at the time of her 2011 hearing and her motion to reopen reveals only incremental change in the treatment of Falun Gong practitioners and Christians. *See Kaur*, 413 F.3d at 234 (upholding BIA's denial of motion to reopen where new evidence did not rebut underlying adverse credibility determination); *In re S-Y-G-*, 24 I. & N. Dec. 247, 257 (B.I.A. 2007) (change that is "incremental or incidental" does not constitute changed country conditions to excuse late motions to reopen). Jiang did not provide any evidence in support of her claim that conditions had materially changed for Jehovah's Witnesses in China.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5