Ma v. Garland

BIA
Conroy, IJ
A206 064 009

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand twenty-three.

PRESENT:
> JON O. NEWMAN,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

YINAN MA,
> *Petitioner*,

> v.                                                              20-3780

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**               DEHAI ZHANG, Esq., Flushing, NY.

**FOR RESPONDENT:**           ROBERT MICHAEL STALZER, Trial Attorney, Office of Immigration Litigation (Stephen J. Flynn, Assistant Director, *on the brief*) *for* Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yinan Ma, a native and citizen of the People's Republic of China, seeks review of an October 28, 2020, decision of the BIA denying her motion to remand and affirming a July 16, 2018, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yinan Ma*, No. A206 064 009 (B.I.A. Oct. 28, 2020), *aff'g* No. A206 064 009 (Immigr. Ct. N.Y.C. July 16, 2018). The basis of Ma's claim is that she was forced to have an abortion in 2013 after removing an intrauterine device ("IUD") and becoming pregnant with a second child in violation of China's family planning policy. We assume the parties' familiarity with the underlying facts and procedural history.

## I. Adverse Credibility Determination

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could

3

make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's adverse credibility determination. The two reasons Ma gave for removing an IUD could both have existed at the same time, but when she was asked by the asylum officer and later the IJ why she removed the IUD, she gave different answers and could not adequately explain the difference in those answers. This provided one basis for the agency to question her credibility. The agency also reasonably relied on inconsistencies in her hearing testimony as to whether she had planned to become pregnant in 2013, what she planned to do when she discovered she was pregnant, and why she had obtained a visa to come to the United States prior to her pregnancy. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ was not compelled to credit Ma's explanations that she had multiple reasons for removing the IUD, that she forgot about her plan to come to the United States to give birth until the hearing, or that there was interpreter error because the explanations did not account for all inconsistencies in her statements. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable

4

fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably concluded that Ma's documentary evidence did not rehabilitate her claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency was not required to give weight to a letter from Ma's husband, an interested witness unavailable for cross-examination. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that IJ acted within her discretion in discounting evidence from interested witnesses who were unavailable for cross-examination). As to the medical records, the IJ erred in declining to give them weight because they were photocopies; the agency's practice manuals instruct applicants not to file original documents and Ma made the originals available at the hearing. *See Yan Rong Zhao v. Holder*, 728 F.3d 1144, 1149 (9th Cir. 2013) (holding that BIA may not afford diminished weight to a photocopy because "its own Appeals Practice Manual" instructs parties to submit photocopies). However, the BIA did not rely on this basis for the IJ's decision not to credit the documents, and it did not err in finding

that the records—even if considered—did not corroborate that the abortion was involuntary. *See Biao Yang*, 496 F.3d at 273; *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) (discussing State Department reports that abortion certificates were generally obtained following voluntary abortions to obtain two weeks of sick leave).

The inconsistencies, implausibility, and lack of reliable corroboration, constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. §1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims for relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

II.     Motion to Remand

We review the BIA's denial of Ma's motion to remand for abuse of discretion, *see Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 158 (2d Cir. 2005), but "use [our] own judgment as to whether counsel was effective," *Changxu Jiang v. Mukasey*, 522 F.3d 266, 270 (2d Cir. 2008) (quotation marks omitted).  Ma alleged that her former counsel was ineffective because he refused to amend Ma's application to include her fear of religious persecution stemming from her practice

of Christianity in the United States. To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient and that the deficiency caused prejudice. *See Debeatham v. Holder*, 602 F.3d 481, 485 (2d Cir. 2010). In addition, a party must comply with the procedural requirements in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988), which include filing a disciplinary complaint. A failure to substantially comply with the requirements forfeits an ineffective assistance claim in this Court. *See Yi Long Yang v. Gonzales*, 478 F.3d 133, 142–43 (2d Cir. 2007).

We find no abuse of discretion in the BIA's denial of the motion because Ma, in failing to file a disciplinary complaint, did not substantially comply with the *Lozada* requirements. Contrary to Ma's assertion, the letter from her former attorney does not reflect that he admitted the mistake or took responsibility. Ma's explanation that she did not file a complaint because she did not want to have a negative impact on her former attorney's career is insufficient because the purpose of the requirement is "to deter meritless claims." *Yi Long Yang*, 478 F.3d at 143.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7