Ugbajah v. Sessions

BIA
A091 358 822

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand seventeen.

PRESENT:
RICHARD C. WESLEY,
DENNY CHIN,
SUSAN L. CARNEY,
    *Circuit Judges.*

_____

IYK O. UGBAJAH, AKA IYK SIX,
AKA FRED IKECHI UGBAJA,
    *Petitioner,*

v.                                          16-821
                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:          Paul B. Grotas, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Melissa
                         Neiman-Kelting, Senior Litigation
                         Counsel; Melissa K. Lott, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Iyk O. Ugbajah, a native and citizen of Nigeria, seeks review of a February 17, 2016 decision of the BIA denying Ugbajah's motion to reopen. *In re Iyk O. Ugbajah,* No. A091 358 822 (B.I.A. Feb. 17, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, "mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). An alien may file one motion to reopen no later than 90 days after the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Ugbajah's motion was untimely.

The time limitation may be excused for a claim of ineffective assistance of counsel. *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008). To prevail on an ineffective assistance claim, however, an alien must substantially comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46-47 (2d Cir. 2005). *Lozada* requires:

2

(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so.

*Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005). Failure to comply substantially with the three *Lozada* requirements may forfeit an ineffective assistance claim in this Court. *See Jian Yun Zheng*, 409 F.3d at 46-47.

The BIA had the discretion to deny Ugbajah's motion. First, Ugbajah failed to describe his agreement with counsel (the first *Lozada* requirement), which, as the BIA noted, was particularly relevant because Ugbajah's removal hearing was twice continued for his prior attorneys to investigate the possibility of applying for asylum, withholding of removal, and CAT relief. Ugbajah's affidavit in support of his motion to reopen said that he wanted to apply for asylum, but not that he asked counsel to do so. On this record, the BIA was within its discretion to find that, absent further detail regarding any agreement between Ugbajah and counsel to file an asylum application, Ugbajah failed to justify excusing the time limitation applicable to his motion to reopen.

3

Second, Ugbajah failed to submit evidence that he filed a formal complaint against his attorney. Ugbajah argues that this Court has taken a flexible approach to this *Lozada* requirement, and in support cites *Esposito v. INS*, where this Court reached the ineffective assistance claim despite the petitioner's failure to file a complaint with a disciplinary authority. 987 F.2d 108, 111 (2d Cir. 1993). But there, the petitioner provided "a reasonable explanation in his affidavit (a belief that [his former attorney] had already been suspended from the practice of law) for not doing so." *Id*. Ugbajah's explanation--that he was unable to file a complaint against counsel from the detention facility--was not reasonable since he was represented by current counsel well before he moved to reopen. Accordingly, since he has failed to meet two of the three *Lozada* requirements, Ugbajah has forfeited his ineffective assistance claim. *See Jian Yun Zheng*, 409 F.3d at 48.

Ugbajah argues that because the BIA declined to reach the merits of his ineffective assistance claim, and failed to consider his professed fear of returning to Nigeria and his background documents, it violated his due process rights. But in *Jian Yun Zheng*, we held that the BIA may reject an ineffective assistance claim for failure to comply with *Lozada*. *Jian Yun Zheng*, 409 F.3d at 48. As in that case, the BIA's decision "does

4

not suggest that the appellate brief was not considered, but only that the BIA found [the petitioner's] motion insufficient insofar as it did not comply with *Lozada*'s requirements." *Id*. Moreover, it is unlikely that prior counsel's "strategic decision" not to pursue a "questionable asylum claim" made Ugbajah's removal proceedings unfair. *Changxu Jiang v. Mukasey*, 522 F.3d 266, 270 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk