Khemlall v. Sessions

BIA
Videla, IJ
A078 411 215

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand seventeen.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

HARISCHANDRA KHEMLALL,
> *Petitioner,*

v.                                                    16-407
                                                      NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Kai W. De Graaf, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General, John S.
                         Hogan, Assistant Director, Robbin K.
                         Blaya, Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Harischandra Khemlall, a native and citizen of Guyana, seeks review of a February 1, 2016, decision of the BIA affirming both a May 12, 2015, decision of an Immigration Judge ("IJ") denying Khemlall's motion to reopen for ineffective assistance of counsel and a May 17, 2013, decision denying Khemlall's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Harischandra Khemlall,* No. A078 411 215 (B.I.A. Feb. 1, 2016), *aff'g* No. A078 411 215 (Immig. Ct. N.Y. City May 17, 2013 and May 12, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the adverse credibility ruling that the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).

I.  Ineffective Assistance of Counsel

An alien seeking to reopen proceedings on the basis of ineffective assistance of counsel must show that counsel's performance was "so ineffective as to have impinged upon the

2

fundamental fairness of the hearing" and caused prejudice. *Changxu Jiang v. Mukasey*, 522 F.3d 266, 270 (2d Cir. 2008) (quoting *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005)); *see also Debeatham v. Holder*, 602 F.3d 481, 485 (2d Cir. 2010). We find no abuse of discretion in the agency's decision not to reopen proceedings based on ineffective assistance of counsel. *See Debeatham*, 602 F.3d at 484 (applying abuse of discretion standard of review).

As the agency found, counsel's performance was not deficient. First, the agency reasonably concluded that the adverse credibility determination regarding Khemlall and his mother could not be attributed to lack of preparation by counsel. For example, Khemlall's statement under oath that he was deported to Guyana in 2000 conflicted with record evidence that he was deported to Trinidad and Tobago. Khemlall's assertion that he informed his counsel of the correct information was contradicted by his counsel's testimony. It was not an abuse of discretion for the agency to credit the attorney's testimony, particularly given that Khemlall did not confess to the deportation to Trinidad and Tobago until confronted on cross-examination. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157 (2d Cir. 2008) (according substantial deference to the agency's findings of fact and "assessment of

3

competing evidence"). Similarly, Khemlall claimed that he sought asylum and went before an IJ in 2000. But, as the agency found, those allegations are belied by the immigration officer's notes from 2000 and no amount of preparation by previous counsel could have resolved this inconsistency because Khemlall continues to assert a different version of events than what is shown by the record.

The agency also reasonably determined that Khemlall's failure to produce evidence of his identity was not the fault of counsel. There was a dispute of fact: Khemlall argued that his attorney had his identity documents and failed to turn them over to the IJ, but his attorney testified to the contrary, stating that Khemlall had told him the documents were lost. The agency's decision to credit the attorney's testimony is supported by the record given Khemlall's testimony during the original merits hearing that he did not know where his passport was and his statement during his reasonable fear interview that he lost it.

Counsel's failure to raise a domestic violence claim was not deficient performance because a strategic decision not to press a weaker claim is reasonable. *Cf. Jones v. Barnes*, 463 U.S. 745, 754 (1983) (defense counsel not required to "raise every 'colorable' claim suggested by a client"). Counsel

4

testified that a claim based on the 32-year-old Khemlall's fear of his father due to abuse that Khemlall experienced as a child would have stretched credibility. *See Romero v. U.S. INS*, 399 F.3d 109, 112–13 (2d Cir. 2005) (holding that counsel's decision to omit issue that may have hurt applicant's credibility is not ineffective assistance).

Nor did the agency err in rejecting Khemlall's argument that counsel submitted insufficient documentation and was inadequately versed in immigration law. The record included nine years of country reports on the conditions in Guyana, as well as numerous articles covering incidents of violence. Khemlall focuses on counsel's failure to gather and submit evidence in support of a domestic violence claim, but as explained above, the decision to forgo that claim did not constitute ineffective assistance.

Finally, the agency reasonably determined that Khemlall failed to demonstrate any prejudice as a result of counsel's actions. Khemlall does not explain how the result in his case would have changed if counsel had acted differently or made different decisions. *See Debeatham*, 602 F.3d at 485 ("[A]n alien claiming ineffective assistance of counsel must also show prejudice resulting from counsel's alleged deficiencies."). The bond motions could not have changed the outcome because they

5

were independent of the merits proceedings.  And Khemlall has not shown that his domestic violence claim would have fared better than the claims presented by counsel, particularly given that Khemlall is an adult and suffered violence from his father as a child.  Khemlall's own expert could not say definitively that such a claim would have been successful, and the passage of time weighs against Khemlall having an objectively reasonable fear of his father.

Khemlall also argues that the agency erred in refusing to consider the merits of his domestic violence claim, regardless of its denial of his ineffective assistance of counsel claim. Khemlall misunderstands the standard applicable to his motion to reopen.  Absent ineffective assistance, his domestic violence claim did not meet the standard for reopening because the claim was available and could have been presented in the initial proceeding before the IJ.  An applicant seeking to reopen his case bears a "heavy burden" of presenting "previously unavailable, material evidence" that "would likely change the result in the case."  *Matter of Coelho*, 20 I. & N. Dec. 464, 472-73 (BIA 1992); *see also* 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3).  Khemlall cites to a phrase in the BIA's remand order that the IJ was to consider "evidence related to [Khemlall's] application for relief," as proof that the IJ was

6

required to consider the merits of his domestic violence claim. But the BIA remanded for consideration of ineffective assistance as a prerequisite to granting reopening, not for immediate consideration of claims that could only be brought if proceedings were reopened.

II. Withholding of Removal and CAT Relief

We find no error in the agency's denial of withholding of removal and CAT relief. The agency reasonably determined that Khemlall was not subject to past persecution in Guyana. Khemlall asserted only harassment and one incident in which he was hit by a bottle. Khemlall failed to provide evidence that his injury was serious or that it required any medical treatment. Accordingly, as the agency found, the past harm suffered did not rise to the level of persecution. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (persecution involves the "infliction of suffering or harm" that goes beyond "mere harassment").

Nor did he show a well-founded fear of future harm or torture. Although the country reports and articles reflect violence in Guyana, the violence described is not politically motivated, and Khemlall submitted no evidence showing that he personally would be targeted on return to Guyana. *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (fear of

7

future persecution must have "solid support in the record"); *Vanegas-Ramirez v. Holder*, 768 F.3d 226, 239 (2d Cir. 2014) (testimony must be "factually specific" to support a fear of future persecution) (internal quotation marks omitted); *see also Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 158 (2d Cir. 2005) (requiring "particularized evidence suggesting that [applicant] is likely to be subjected to torture"). Instead, Khemlall testified that his party is the ruling party in Guyana and that it is working to improve racial tensions, undermining his claim that he would be persecuted or tortured for his support of the party.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8